417 So.2d 1032 (1982)
ROBINSON ELECTRICAL CO., INC., Appellant,
v.
DADE COUNTY and the Dade County Board of County Commissioners, Dade County, Florida, and Marvin Markowitz, Inc., Appellees.
No. 81-1736.
District Court of Appeal of Florida, Third District.
July 13, 1982.
Rehearing Denied August 25, 1982.
*1033 Jesse J. McCrary, Jr., Miami, for appellant.
Robert A. Ginsburg, Dade County Atty., and Dianne S. Smith, Asst. County Atty., Carey, Dwyer, Cole, Eckhart & Mason and Michael C. Spring, Miami, for appellees.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
Confronted with circumstances which led the court to believe that bidding requirements for obtaining a contract to renovate a housing project confused bidders, the trial court vacated the award of the contract and ordered the County to reissue its invitation for bids. We hold that the County correctly awarded the contract to the low bidder, Robinson Electrical Company, Inc. Robinson complied with material bidding requirements and was entitled to the contract, even though it furnished its security in the form of a check rather than a bid bond. We therefore reverse the trial court's order with directions to reinstate the contract award to Robinson.
The Dade County Board of County Commissioners' Advertisement for Bid in connection with a contract to renovate the James E. Scott Homes provided:
A Certified Check or bank draft, payable to the Dade County Department of Housing and Urban Development  Housing Division  U.S. Government Bonds, or a satisfactory Bid Bond executed by the bidder and acceptable surieties [sic] in an amount equal to five percent (5%) of the bid shall be submitted with each bid. The successful bidder will be required to furnish and pay for satisfactory Performance and Payment of Bond or Bonds... . The Dade County Department of Housing and Urban Development, reserves the right to reject any or all bids and to waive any informalities in the bidding.
Subsequent addenda required that a bid bond in the amount of five percent of a portion of the cost be submitted with the bid. Robinson submitted the lowest bid, $10,368,515, along with a cashier's check for five percent of the designated cost as security. The second lowest bidder, a company not a party to this appeal, also submitted a cashier's check. Marvin Markowitz, Inc. submitted the highest bid, $10,700,000; its bid included a bid bond in the correct amount. When the Director of Dade County Housing and Urban Development opened the bids and learned that the two lowest bidders had submitted cashier's checks instead of bid bonds, he asked the County Attorney for his opinion. Upon receiving a recommendation that Robinson's bid be approved, the Board of County Commissioners awarded the contract to Robinson. Markowitz sued the Board, requesting injunctive and mandatory relief; Robinson intervened in the lawsuit. Upon hearing testimony, the trial court found Robinson's bid to be nonresponsive because it lacked the *1034 required form of security. The court vacated the award of the contract to Robinson and ordered the County to reissue an invitation for bids.[1]
Robinson contends that the court erred in vacating an administrative decision which was not shown to be arbitrary or unreasonable. The Board, it contends, correctly waived the immaterial variance in the form of the security; the difference in the security did not affect the nature or purpose of competitive bidding. Furthermore, argues Robinson, the County reserved the right to waive formalities.
Markowitz, on the other hand, argues that since its bid met the qualifications it should have been awarded the contract without reissuance of the invitation for bids.
The County now supports the trial court's ruling vacating the contract and requiring rebidding and agrees with the finding that the documents were ambiguous. This argument represents a change in the County's position; the County was aware of the variance in the security when it awarded the contract to Robinson.
Although a bid containing a material variance is unacceptable, Glatstein v. City of Miami, 399 So.2d 1005 (Fla. 3d DCA), rev. denied, 407 So.2d 1102 (Fla. 1981), not every deviation from the invitation is material.
In determining whether a specific non-compliance constitutes a substantial and hence nonwaivable irregularity, the courts have applied two criteria  first, whether the effect of a waiver would be to deprive the municipality of its assurance that the contract will be entered into, performed and guaranteed according to its specified requirements, and second, whether it is of such a nature that its waiver would adversely affect competitive bidding by placing a bidder in a position of advantage over other bidders or by otherwise undermining the necessary common standard of competition.
In application of the general principles above discussed, sometimes it is said that a bid may be rejected or disregarded if there is a material variance between the bid and the advertisement. A minor variance, however, will not invalidate the bid. In this context a variance is material if it gives the bidder a substantial advantage over the other bidders, and thereby restricts or stifles competition.
10 McQuillan, Municipal Corporations § 29.65 (3d Ed. rev. 1981) (footnotes omitted); see Harry Pepper & Associates, Inc. v. City of Cape Coral, 352 So.2d 1190 (Fla. 2d DCA 1978).
Whether the submission of a cashier's check instead of a bid bond constitutes a material variance from bidding requirements has not previously been decided in this jurisdiction. In Bryan Construction Co. v. Board of Trustees, 31 N.J. Super. 200, 106 A.2d 303 (App.Div. 1954), the court considered the submission of a deposit in the form of a bid bond instead of a certified check as required. In affirming the bid, the court stated:
If it can be said any irregularity here existed, it is patent that competitive bidding was not in any wise affected. It prevented no one from bidding, and all those that did bid were on equal footing, having the same opportunities as defendant company to read and utilize the instructions.
106 A.2d at 306. As did the New Jersey court, we hold that the purpose of competitive bidding is to secure the lowest responsible offer and that the County may waive minor irregularities in effectuating that purpose. See Township of River Vale v. R.J. Longo Construction Co., 127 N.J. Super. 207, 316 A.2d 737 (Law Div. 1974). The submission of a cashier's check instead of a bid bond does not constitute a material variance.
*1035 We find no merit in the argument advanced by Markowitz to the effect that the bid bond, which indicates that a performance bond can be obtained, is substantially superior. The Advertisement for Bid contemplates that the successful bidder would be required to furnish such bonds after the award of the contract. Thus, the availability of a performance bond was immaterial to the bidding process.
Finding that Robinson's bid substantially complied with the County's Advertisement for Bid, we reverse the trial court's order vacating the award of contract to Robinson and reinstate the award.
NOTES
[1] During oral argument, the County advised us that it proceeded with the bidding process during the pendency of this appeal and awarded the contract to another firm. Other than to express our surprise at this unfortunate complication, we refrain from comment. We reject the County's contention that this appeal is moot.