493 So.2d 50 (1986)
TROPABEST FOODS, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF GENERAL SERVICES, Appellee.
No. BN-2.
District Court of Appeal of Florida, First District.
August 18, 1986.
Martha Harrell, Hall of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tallahassee, for appellant.
Claire D. Dryfuss, Tallahassee, for appellee.
MILLS, Judge.
Tropabest Foods, Inc. appeals from a final administrative order denying its bid protest and awarding the subject "specialty foods" contract to another bidder. We affirm.
The Department of General Services issued Invitation to Bid (ITB) 97-388-00-J, "Specialty Foods," which separately described 306 food commodities. All but a few of these commodities included in their specifications a "yield" requirement, i.e. a stated amount of dry or concentrated product was to yield another stated amount when mixed. Twenty of the 306 items indicated a minimum yield requirement, for example, "one pound yields one gallon or more" (emphasis supplied). Items 20 and 21 solicited bids for dried, sweetened beverage mix. The yield requirement for both items provided that "1 lb. yields approximately 1 gal."; the phrase "or more" was not included.
One pound of Tropabest's beverage mix, which is sweetened with sugar, yields 1.06 gallons. Its bid on Items 20 and 21, per servable ounce of beverage, was $ .0062483 and $ .006248, respectively. Its only competitor for these items, Bernard, sweetens its mix with a combination of sugar and aspartame, an artifical sweetener; one pound yields 3.5 gallons. Its bid on Items 20 and 21, per servable ounce, was $ .005639 and $ .004538, respectively. After consideration of these bids, the Department announced its intent to award the contract for these items to Bernard.
*51 Tropabest filed a protest, alleging that Bernard's bid violated the I specifications in that its mix produced a yield of 3.5 gallons instead of the 1 gallon called for. The Department answered, finding Bernard's bid responsive based in part on Paragraph 5 of the General Conditions section of the ITB which provides, in pertinent part:
5. MANUFACTURERS' NAME AND APPROVED EQUIVALENTS: Any manufacturers' names, trade names, brand names, information and/or catalog numbers listed in a specification are for information and not intended to limit competition. The bidder may offer any brand for which he is an authorized representative, which meets or exceeds the specifications for any item(s) (emphasis supplied).
The Department also relied on a paragraph appearing under the Special Conditions portion of the I:
LABELS. Complete product labels ... [are] a requirement of this bid to accommodate an evaluation to assure products offered meet or exceed the specification attached hereto (emphasis supplied).
The Department contended that the highlighted language in these provisions indicated an intent to accept products which exceeded the yield specifications appearing in the various product descriptions.
The protest was heard informally by a hearing officer, Tropabest arguing that, since numerous commodity descriptions included the phrase "or more" when stating yield requirements, the omission of that phrase, such as in Items 20 and 21, indicated an intent that the stated yield not be exceeded. Otherwise, "or more" was superfluous language, a result to be avoided in contract interpretation. It further contended that the ITB provisions cited by the Department did not apply to yield requirements. The Department countered that any intra-ITB superfluity was irrelevant, since each food item could be the subject of a separate contract; consistency of language among the items was unnecessary. It concluded that any inconsistencies could be resolved by the simple expedient of interpreting all yield requirements as indicating minimum yields.
The hearing officer entered a recommended order recommending that Bernard's bids be rejected and the contract awarded to Tropabest. He found that the term "approximately" as used in the yield requirements of Items 20 and 21 should be accorded its ordinary meaning of "near" or "close," and that nothing in the items' descriptions indicated that any amount over one gallon would be acceptable. The final order rejected this recommendation, finding that the ITB specifically allowed a bidder to exceed an item's specifications by way of the previously cited paragraphs, and that a reasonable interpretation of the yield requirements themselves was that they set a minimum yield which could be exceeded.
First of all, we disagree with the Department that the I itself authorizes the Department to accept as conforming bids which exceed the stated specifications. Paragraph 5 of the I General Conditions, when read in its entirety, merely gives bidders permission to offer brands other than those which might be specified, so long as the other characteristics of those brands "meet or exceed" the specifications for that item. Similarly, the "labels" section of the ITB Special Conditions simply requires a bidder to provide product labels so that the agency can determine if the product offered "meets or exceeds" the specifications therefor. In our view, neither of these provisions has the purpose of authorizing carte blanche departure from item specifications simply because the word "exceed" appears in both.
Further, we do not find that the language of the individual item specifications involved herein can be interpreted so that a yield of 3.5 gallons conforms to a specification calling for a yield of "approximately one gallon." As the hearing officer found, "approximately" means "more or less but about and near the amount or quantity specified." Black's Law Dictionary, 5th ed. (1979). Words in an instrument should be *52 given their natural or most commonly understood meaning. Thompson v. C.H.B., Inc., 454 So.2d 55 (Fla. 4th DCA 1984). Because 3.5 gallons is not "about and near the quantity specified," i.e. 1 gallon, Bernard's bid on these items was at variance with the specifications therefor.
However, although a bid containing a material variance is unacceptable, not every deviation from the invitation to bid is material. It is only material if it gives the bidder a substantial advantage over the other bidders and thereby restricts or stifles competition. Robinson Electrical Co., Inc. v. Dade Co., 417 So.2d 1032, 1034 (Fla. 3d DCA 1982). See also Rule 13A-1.02(9), Fla. Admin. Code, which reserves to the agency the right to waive any minor irregularities in an otherwise valid bid, a minor irregularity being a variation which "does not affect the price of the bid, or give the bidder an advantage or benefit not enjoyed by other bidders or does not adversely impact the interests of the agency."
In this case, it is not the variation at issue, i.e. a yield of 3.5 gallons instead of 1 gallon, which "affects the price of the bid." Rather, it is that Bernard's beverage mix contains a more concentrated sweetener than Tropabest's so that a pound of mix yields more beverage. Neither Tropabest nor Bernard was restricted by the specifications to a particular "strength" of mix or type of sweetener. Tropabest does not argue that it had a product which could have bettered Bernard's price, if only it had known a 3.5 gallon per pound yield would be acceptable, thus giving Bernard an unfair advantage. Its mix simply was less concentrated and yielded less than Bernard's, therefore costing more per serving. It was this characteristic and not the variation complained of which allowed Bernard to undercut Tropabest's price.
Finally, the purpose of competitive bidding is to secure the lowest responsible offer and minor irregularities can be waived in effectuating that purpose. Robinson, supra. Here, the Department was able to obtain beverage mix of equal quality for less money which yielded three-and-a-half times the beverage of the only other bidder.
Affirmed.
WIGGINTON and NIMMONS, JJ., concur.