ORDER ON REVIEW OF TAXATION OF COSTS
SMITH, Chief Judge.
Subsequent to his successful appeal in Schoettle v. State of Florida, Department of Administration, Division of Retirement, 513 So.2d 1299 (Fla. 1st DCA 1987), Schoettle filed a motion to tax costs in the lower tribunal, relying on rule 9.400(a), Florida Rules of Appellate Procedure. The Division of Retirement denied the motion, in essence taking the position that the award of costs is derivative in nature and that costs may only be awarded if otherwise authorized by substantive law. Schoettle seeks review of this order and in addition has filed a motion for sanctions, including attorney’s fees, contending that the Division failed to follow the unambig *963 uous requirement-of rule 9.400(a) that costs “shall” be taxed in favor of the prevailing party.
It is true, with respect to attorney’s fees, that appellate attorney’s fees can be awarded in favor of the prevailing party only if authorized by substantive law. Israel v. Lee, 470 So.2d 861, 862 (Fla. 2nd DCA 1985); rule 9.400(b), Fla.R.App.P. However, the language of rule 9.400(a), which is couched differently, automatically entitles the prevailing party to the taxation of certain enumerated costs. Di Teodoro v. Lazy Dolphin Development Co., 482 So.2d 625 (Fla. 3d DCA 1983). Costs, we observe, may be taxable by statute or rule. 12 Fla.Jur.2d, Costs, § 5 (1979); Israel, 470 So.2d at 863.
The Division’s reliance on Caldwell v. Division of Retirement, Florida Department of Administration, 344 So.2d 923 (Fla. 1st DCA 1977), quashed in part and approved in part, 372 So.2d 438 (Fla. 1979), is misplaced. In that case, Caldwell was seeking review of an order of the Retirement Commission denying him, among other things, costs and attorney’s fees. This court ruled that Caldwell was not entitled to attorney’s fees and costs as there was no statute authorizing them. The Supreme Court approved this portion of the opinion. However, Caldwell involved an award of costs in a proceeding before the lower tribunal, not an award of appellate costs to which rule 9.400(a) is directed.
Accordingly, while we disagree with the Division’s position that the award of costs under rule 9.400(a) is derivative in nature, and thus grant the motion for review and order payment of costs, we do not find that the Division’s position on this point was so untenable as to subject the Division to sanctions. The cause is REVERSED and REMANDED for proceedings consistent with this opinion.
ERVIN and BOOTH, JJ., concur.