PER CURIAM.
Air Support appeals a summary judgment entered on its complaint for declara *584 tory and injunctive relief holding that its bid proposal was properly declined by Dade County as untimely.
In its advertisement for bid proposals for a ground service contract at the Miami International Airport, Dade County stated that the “submission deadline” was October 23, at 1:00 p.m. In an addendum, the “submission deadline” was changed to November 6, with no time specified. Three of the ten bidders, including the appellant, filed proposals after 1:00 p.m. By affidavit, the out-of-town appellant swore that its attorney was in the city on the morning of November 6, but did not file the proposal until 2:00 p.m. in the belief that he had until the close of the business day to do so.
We agree with the appellant that the ex-post-facto imposition of a time limit to the “submission deadline” was a material change in the County's advertisement for proposals. Public bid requirements may not be materially altered subsequent to the submission of bids. See Robinson Elec. Co. v. Dade County, 417 So.2d 1032 (Fla. 3d DCA 1982) (substantial irregularities in the bidding process may not be waived or altered after the submission of bids); Harry Pepper & Assocs., Inc. v. City of Cape Coral, 352 So.2d 1190 (Fla. 4th DCA 1977) (deviation in a bid on a public project is sufficiently material to destroy its competitive character if the deviation gives one bidder a benefit or advantage not enjoyed by other bidders). According to the undisputed evidence, without a time limit the submission deadline meant, according to common practice, that the bid had to be submitted before the end of the work day. See 17A C.J.S. Contracts § 327(2) (1963).
Further, the purpose of competitive bidding is to secure the lowest responsible offer. Robinson Elec. Co., 417 So.2d at 1034. That public purpose is best served by construing the bid requirements, if at all reasonable, in a way that would give all bidders an opportunity to compete.
Reversed.