PER CURIAM.
Prince Turner challenges the trial court’s denial of his motion treated, but not identified, as one filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he complains that the operation of section 948.06(6), Florida Statutes (1989), deprives him of the benefits of a plea in which he was promised credit for the entire ten years imposed earlier as the incarcerative portion of a split sentence on a new fifteen-year term following a violation of community control. The statute in question, effective as to crimes committed on or after October 1, 1989, including Turner’s which occurred very shortly after that date, allows for the forfeiture of gain time earned on the earlier, served sentence when a violation of court-ordered supervision follows release and results in a new prison term. The court correctly observed in denying the motion that the relief sought, an entirely new sentence structured to fulfill the intent of the negotiation, was without the court’s jurisdiction absent legal justification to vacate the sentence under review. Fla. R.Crim.P. 3.800(b).
The trial court in its order further discussed claims raised in the motion and accurately described them as “a hybrid ineffective assistance of counsel/involuntary plea issue” and declined to address them as they had not been raised in a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Turner’s motion is properly sworn, and would have been timely had he filed it in fact as a rule 3.850 motion. Although the trial court declined to do so, we treat the motion as one filed for posteonviction relief under Florida Rule of Criminal Procedure 3.850. Wilson v. State, 514 So.2d 1156 (Fla. 2d DCA 1987).
Turner claims that the court and his attorney made representations to him to induce the plea which have not been fulfilled and alleges that the plea to the violation to community control was involuntarily entered. The court did not address these claims as it focused on the narrow issues cognizable only on a motion to correct sentence. As the record before us fails to refute those claims in a motion treated as one seeking postcon-viction relief, we reverse. On remand, should the trial court again deny the motion by attaching records refuting the allegations, Turner must seek further appellate review with this court within thirty days.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and CAMPBELL and FULMER, JJ., concur.