BENTON, J.
These appeals are taken from a final order which brought to a close proceedings instituted to determine whether “Commission audit procedures” amount to unpromulgated rules in violation of section 120.54(1), Florida Statutes (1997). Aloha Industries (Aloha) and the Florida Waterworks Association (FWA) appeal the administrative law judge’s order insofar as it denies their amended petition *920 for administrative determination of invalidity of agency non-rule policy and existing rules. We affirm the order in this regard. On cross-appeal, the Public Service Commission (PSC) seeks reversal of the same order insofar as it invalidates certain audit exit conference procedures as unpromulgated rules. Concluding that Aloha’s and FWA’s amended petition did not meet threshold pleading requirements laid down by section 120.56(4)(a), Florida Statutes (1997), we reverse on cross-appeal.
The administrative law judge found that Aloha and FWA “challenged the PSC Audit Manual as being an unpromulgated rule without ever having taken any action to obtain a copy of it and read it.” Nevertheless, while suggesting that Aloha and FWA took “[¡Inconsistent and weak positions,” the administrative law judge denied the PSC’s request for an award of attorney’s fees, deeming the amended petition not completely devoid of legal merit. In light of our conclusion that the amended petition wholly lacked legal merit, we vacate the administrative law judge’s denial of attorney’s fees under section 120.569(2)(c), Florida Statutes (1997), and remand for reconsideration. See generally Procacci Commercial Realty, Inc. v. Department of Health and Rehabilitative Services, 690 So.2d 603, 608 n. 9 (Fla. 1st DCA 1997).
Aloha and FWA initiated the proceedings below by filing their petition for administrative determination of invalidity of agency non-rule policy and existing rules with the Division of Administrative Hearings. A week later they filed an amended petition to correct “certain typographical errors and citations to the rule at issue.” No issue has been raised on appeal as to the administrative law judge’s rejection of the meritless challenge to Florida Administrative Code Rule 25-30.145.
Like the original petition, the amended petition alleged that
Petitioners challenge the Commission’s reliance upon the “Commission audit procedures .... ” These procedures presumably define the standards governing when and how the Commission audits a water or wastewater utility. These procedures are unknown to Petitioners, have not been promulgated as rules in accordance with the Administrative Procedure Act, and are not authorized by law in their current form. Petitioners seek an administrative determination that the PSC’s continuing use of and reliance upon the Challenged Statements is in violation of Section 120.54(l)(a), F.S. (1996 Supp.).
The amended petition does not further define or identify the term “Commission audit procedures.”
The PSC filed a motion for summary final order under former Florida Administrative Code Rule 60Q-2.030, noting that “on page 6 of the Amended Petition, Petitioners claim that ‘These procedures remain a mystery to Aloha.’” The PSC’s motion further alleged that the
remaining allegations of the Amended Petition do not more effectively identify issues of material fact than the claim that the Commission’s audit procedures remain a mystery to Aloha.
Aloha and FWA did not thereafter seek leave to amend, extensive discovery notwithstanding. The procedures purportedly challenged remained “unknown to the Petitioners,” as late as the final hearing, as far as the pleadings reveal.
Section 120.56(4)(a) imposes specific pleading requirements for petitions challenging agency statements as unpromulgated rules:
The petition shall include the text of the statement or a description of the statement and shall state with particularity facts sufficient to show that the statement constitutes a rule under s. 120.52 and that the agency has not adopted the statement by the rulemaking procedure provided by s. 120.54.
§ 120.56(4)(a), Fla. Stat. (1997). The amended petition Aloha and FWA filed referred to “Commission audit procedures,” without describing or reciting the text of any of the individual statements challenged.
The prehearing stipulation (filed three days before the final hearing) did not cure the problem. In a brief statement attached to the stipulation, Aloha and FWA maintained simply that the PSC’s
*921 procedures and practices regarding audits of water and wastewater utilities are Agency statements of general applicability which meet the definition of rules and which must be promulgated as rules under the Florida Administrative Procedures [sic] Act. [Aloha and FWA] maintain that the PSC utilizes audit procedures in its audits of water and wastewater utilities, that these audit procedures are in place and have been utilized over a number of years, and that it is feasible, practicable, and required for the PSC to promulgate these audit procedures as rules.
Identifying the “nature of the controversy,” the prehearing stipulation stated: “This matter involves a challenge by the Petitioners to certain statements, procedures and practices concerning the auditing activities of the [PSC].”
Aloha and FWA did not describe the specific agency statements they intended to challenge at the final hearing in sufficient detail, either in their petitions or in the pre-hearing stipulation. In this regard, the present case differs from Department of Highway Safety and Motor Vehicles v. Schluter, 705 So.2d 81 (Fla. 1st DCA 1997), where the prehearing stipulation stated with precision the policies Mr. Schluter was challenging under section 120.56(4), Florida Statutes (Supp.1996). By stipulating to statements of agency policy under challenge, moreover, the agency in Schluter waived its right to insist on compliance with the pleading requirements of section 120.56(4)(a), Florida Statutes (Supp.1996).
Here the failure, with respect to the specific statements of procedure challenged, to “include the text of the statement or a description of the statement,” § 120.56(4)(a), Fla. Stat. (1997), deprived the PSC of adequate notice regarding what agency statements Aloha and FWA intended to challenge as unpromulgated rules. On this basis, we reverse the administrative law judge’s order insofar as it found that statements of the PSC’s audit exit conference procedures constituted unpromulgated rules. These were but two among dozens of possible “Commission audit procedures” nebulously referenced in the amended petition.
We affirm the order under review insofar as it denies the amended petition for administrative determination of invalidity of agency non-rule policy and existing rules, reverse the order under review insofar as it grants the amended petition for administrative determination of invalidity of agency non-rule policy and existing rules, vacate the denial of the PSC’s request for attorney’s fees, and remand for reconsideration of the PSC’s request for attorney’s fees under section 120.569(2)(c), Florida Statutes (1997).
VAN NORTWICK and PADOVANO, JJ., CONCUR.