728 So.2d 806 (1999)
Broderick HAY, Petitioner,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, Respondent.
No. 98-461.
District Court of Appeal of Florida, First District.
March 5, 1999.
Petitioner pro se.
Robert A. Butterworth, Attorney General; Joy A. Stubbs, Assistant Attorney General, Tallahassee, for Respondent.
BENTON, J.
After urinalysis indicated that Broderick Hay, held by the Department of Corrections (DOC) at Glades Work Camp (the Camp), had ingested opiates, DOC personnel initiated disciplinary proceedings. At a disciplinary hearing, Mr. Hay offered evidence that one of the drugs prescribed for him by the Camp doctor contained opiates, whereupon the disciplinary team dismissed charges against him.
Later the Camp doctor reported that the drugs he had prescribed, including an antibiotic called "Floxin," did not contain opiates. A second disciplinary hearing was then held at which the disciplinary team found Mr. Hay guilty. Thereafter, having exhausted administrative remedies at DOC, Mr. Hay filed an omnibus petition for extraordinary relief in circuit court. Among other things, he contended that Florida Administrative Code Rule 33-22.008(2) required the disciplinary team to find him not guilty at the close of the first hearing, and precluded a second hearing.
The circuit court denied the petition. We do not disturb the circuit court's denial, concluding that the circuit court did not depart from the essential requirements of law in denying the petition. See generally Sheley v. *807 Florida Parole Comm'n, 720 So.2d 216 (Fla. 1998); Martin v. Singletary, 713 So.2d 1056 (Fla. 1st DCA 1998). We also deny the motion, styled a motion for relinquishment of jurisdiction, in which Mr. Hays asks leave to file a motion in circuit court alleging newly discovered evidence in the form of a letter from a pharmaceutical company. We do so, however, without prejudice to the pursuit of administrative remedies at DOC.
The circuit court also found Mr. Hay's petition frivolous, citing section 944.279(1), Florida Statutes (1997), which provides that a prisoner "who is found by a court to have brought a frivolous ... [non-criminal] ... appeal ... is subject to disciplinary procedures pursuant to the rules of the Department of Corrections." We reverse the ruling that Mr. Hay's petition was frivolous. Cf. Jones v. State, No. 98-3612, ___ So.2d ___ (Fla. 1st DCA Feb.17, 1999); Colonel v. State, 724 So.2d 1261 (Fla. 1st DCA 1999).
A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed.... It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record ... that its character may be determined without argument or research.
Treat v. State ex rel. Mitton, 121 Fla. 509, 510, 163 So. 883, 883 (1935) (footnote omitted); see also Mercade v. State, 698 So.2d 1313, 1315 (Fla. 2d DCA 1997); Procacci Commercial Realty, Inc. v. Department of Health and Rehabilitative Servs., 690 So.2d 603, 609 (Fla. 1st DCA 1997).
Among other things, Mr. Hay argued to the circuit court that the facts adduced at the first disciplinary hearing did not support the charge and required the disciplinary team to find him not guilty. By conducting a second disciplinary proceeding, Mr. Hay claimed, DOC violated the rule, including a rule-based prohibition against double jeopardy ("duplication of charges"). Florida Administrative Code Rule 33-22.008(2) reads as follows:
The disciplinary team ... shall make one of the following findings:
(a) Dismiss the charge. If the charge is dismissed, the disciplinary report shall not be posted or placed in the inmate file. The dismissal of a disciplinary report may occur due to procedural errors, technical errors, or duplication of charges. A dismissal is without prejudice and may be rewritten and reprocessed.
(b) Find the inmate not guilty. If the inmate is found not guilty, the disciplinary report shall not be posted or placed in the inmate file. The inmate shall be found not guilty when the facts do not support the charge.
(c) Find the inmate guilty.
Mr. Hay contended that the disciplinary team lacked authority under the rule to dismiss the charge, rather than finding him not guilty. While, as we have said, we do not disturb the circuit court's ruling otherwise, deferring as it did to DOC's construction of its own rule, see generally Werner v. Department of Ins. and Treasurer, 689 So.2d 1211, 1214 (Fla. 1st DCA 1997), review denied, 698 So.2d 849 (Fla.1997), we cannot agree that Mr. Hay's argument is so completely devoid of merit as to warrant disciplinary action. We therefore reverse the determination that Mr. Hay's petition was frivolous.
VAN NORTWICK and PADOVANO, JJ., CONCUR.