BENTON, J.,
dissenting.
I respectfully dissent. I would remand with directions to treat the appellant’s timely, sworn motion as if it had been filed under Florida Rule of Criminal Procedure 3.850, and conduct an evidentiary hearing. See generally, e.g., Turner v. State, 670 So.2d 1031 (Fla. 2d DCA 1996). Cf. Edwards v. State, 700 So.2d 444, 445 (Fla. 1st DCA 1997) (holding court unable to treat an unsworn motion seeking credit for jail time under Florida Rule of Criminal Procedure 3.800 “as if filed pursuant to rule 3.850”).
On review of prior orders denying collateral motions seeking credit for jail time we have declined to give jail credit certificates from the Columbia County Detention Center preclusive effect. See Boston v. State, 24 Fla. L. Weekly D621, D621, 728 So.2d 326 (Fla. 1st DCA 1999) (noting “mathematical error which resulted in a miscalculation”); Nelson v. State, 720 So.2d 1104, 1105 (Fla. 1st DCA 1998) (noting “what may have been a crucial clerical error”). It is ultimately for the court, not the jailer, to ascertain “the amount of time ... served in jail prior to sentencing.” Walker v. State, 650 So.2d 233, 233 (Fla. 1st DCA 1995).