On Motion for Rehearing

PER CURIAM.
On consideration of the petitioner’s motion for rehearing, we withdraw the ruling issued April 1, 1999, and substitute the following opinion.
Philip Leon, also known as Carlos Harden, petitions for a writ of habeas corpus, asserting that his appellate counsel was ineffective for failing to raise on direct appeal the claim that the evidence of the value of merchandise the defendant was charged with stealing was inadmissible hearsay. Petitioner urges that, had the objection been sustained, there would have been a failure of proof of the value of the merchandise, and that he would have been *514 convicted only of a misdemeanor, instead of a third-degree felony. See § 812.014(2)(c),(3).
At the time of petitioner’s direct appeal, see Harden v. State, 718 So.2d 1248 (Fla. 3d DCA 1998), the Fourth District had squarely held admissible the testimony of a store employee “as to the contents of a price tag that was affixed to an item of merchandise on the day appellant was accused of stealing the merchandise. In our view this testimony did not constitute hearsay as contemplated by the provisions of the Florida Evidence Code.... ” Watson v. State, 415 So.2d 128 (Fla. 4th DCA 1982). See generally Scott v. State, 519 So.2d 734 (Fla. 3d DCA 1988). The fact that the First District has recently come to a different conclusion on similar facts, see Lukaj v. State, 24 Fla. L. Weekly D621, 729 So.2d 965 (Fla. 1st DCA 1999), is immaterial. The effectiveness of appellate counsel is judged as of the time of the appeal. See Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). (“A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.”) (emphasis added). “The ineffectiveness of appellate counsel cannot be based upon the failure of counsel to assert a theory of law which was not at the time of the appeal fully articulated or established in the law.” Alvord v. State, 396 So.2d 184, 191 (Fla.1981); see also Villavicencio v. State, 719 So.2d 322 (Fla. 3d DCA 1998).
Petition denied.