582 So.2d 87 (1991)
COUNTY WASTE, INC., Appellant,
v.
PUBLIC STORAGE MANAGEMENT, INC., Appellee.
No. 91-795.
District Court of Appeal of Florida, Third District.
June 25, 1991.
Howard W. Mazloff, Miami, for appellant.
Kelley, Drye & Warren and Jon Chassen, Miami, for appellee.
Before HUBBART, COPE and GODERICH, JJ.
COPE, Judge.
County Waste, Inc. appeals an order of the trial court awarding attorney's fees to Public Storage Management, Inc. pursuant to subsection 57.105(2), Florida Statutes (1989). We reverse.
County Waste sued Public Storage on a contract. Public Storage moved for summary judgment. The gist of defendant's legal argument was that no contract had come into existence. The trial court agreed and entered summary judgment in defendant's favor.
The contractual document which had been the subject of the litigation contained a provision entitling County Waste to attorney's fees in the event that it brought suit to enforce the agreement. Public Storage moved for an award of attorney's fees as prevailing party under subsection 57.105(2), Florida Statutes (1989). The court awarded attorney's fees to Public Storage and this appeal has ensued.
Subsection 57.105(2) provides in part, "[i]f a contract contains a provision allowing attorney's fees to a party when he is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract." Id. (emphasis added). It is evident that the intent of subsection 57.105(2) is to provide mutuality of attorney's fee remedy in contract cases.
*88 The Florida Supreme Court has held that where a contract provides attorney's fees to the prevailing party in the event of litigation, "the fact that a contract never existed precludes an award of attorney's fees." David v. Richman, 568 So.2d 922, 924 (Fla. 1990). In the present case the contractual document is one-sided, providing only for an award of attorney's fees to County Waste in the event of litigation. However, that formal distinction makes no difference in the analysis under David v. Richman. Under that decision, once the trial court determined, as it did, that no contract existed, there could be no award of attorney's fees under the contract. As County Waste would be unable to obtain attorney's fees under the contract, Public Storage is not entitled to attorney's fees under the statute.[*]
The attorney's fee order is reversed.
NOTES
[*] If the contractual provision at issue here had had contractual mutuality with respect to attorney's fees by allowing prevailing party attorney's fees to either side (as was true in David v. Richman), an award of attorney's fees would have been precluded by that decision. The same result should obtain under the statute.