PER CURIAM.
This is an appeal by the defendant Fred Ganz, as Tax Collector of Metropolitan Dade County, Florida, from a post-judgment order of the trial court denying Ganz’ motion for attorney’s fees under Section 57.105, Florida Statutes (1991). The plaintiff HZJ, Inc. instituted the action below to prevent the defendant from selling tax certificates on two parcels of the plaintiff’s real estate for delinquent taxes. The order under review states as follows:
“1. This cause was tried by the Court on a non-jury trial proceeding on March 29, 1991, at which time the Plaintiff, HZJ, Inc., failed to present and there was a complete absence of a justiciable issue of either law or fact.
2. On April 10, 1991, Final Judgment was entered in favor of Defendant, FRED GANZ, the Court retaining jurisdiction to hear and decide Defendant’s Motion for Attorney’s fees.
3. The Court recognizes the well-settled law that once a determination has been made by the trial court that there is a complete absence of a justiciable issue of law or fact, the award of attorney's fees to the prevailing party who properly moves for such fees under Section 57.-105, Florida Statutes is required.
4. The Court finds, however, that despite the baseless nature of Plaintiff’s lawsuit, the Defendant may not recover attorney’s fees, as the Defendant failed to plead entitlement to such fees pursuant to Stockman v. Downs, 573 So.2d 835 (Fla. 1991).” (emphasis added).
This court has held that entitlement to Section 57.105 attorney’s fees may be raised for the first time, as here, by way of a post-judgment motion; this holding was based on two grounds: (1) a review of Florida case law preceding Stockman holding that entitlement to statutory attorney’s fees could be raised by post-trial motion, and (2) the essential logic of waiting until the case is completed before requesting Section 57.105 attorney’s fees:
“There is certainly no way for a litigant to know in advance whether the adverse party will raise nothing but frivolous issues in a civil case and, therefore, to plead in good faith its entitlement to attorney’s fees under Section 57.105, Florida Statutes (1979). Indeed, we think it is best to presume good motives on the part of one’s adversary even on what appears to be an open and shut case. It is only after the case has been terminated that a sensible judgment can be made by a party as to whether the adverse party raised nothing but frivolous issues in the cause, and, if so, to file an appropriate motion ... seeking an entitlement to ... attorney’s fees under Section 57.105, Florida Statutes (1979).”
Autorico, Inc. v. Government Employees Ins. Co., 398 So.2d 485, 486 (Fla. 3d DCA 1981).
In Stockman v. Downs, 573 So.2d 835 (Fla.1991), however, the Florida Supreme Court disapproved the cases relied on in Autorico which allowed statutory attorney’s fees to be raised by post-judgment motion and ruled:
“Accordingly, we hold that a claim for attorney’s fees, whether based on statute or contract, must be pled. Failure to do so constitutes a waiver of the claim.
However, we recognize an exception to the rule announced today. Where a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney’s fees.”
Id. at 837-38 (footnote omitted).
Although (a) we think the second ground relied on by the Autorico court to reach its *1083 result is still persuasive, and (b) although Autorico was not included among the statutory fee cases specifically disapproved by the Florida Supreme Court in Stockman, our reading of the broad holding in Stock-man, requiring that entitlement to both contractual and statutory attorney’s fees be specifically pled, leads us to the reluctant conclusion that Autorico is no longer good law. We therefore affirm the order on appeal because (a) entitlement to Section 57.105 fees was not pled in the defendant’s answer, and (b) the record fails to establish a waiver by the plaintiff of this pleading requirement — the only apparent exception to the rule established in Stockman.
Nonetheless, we certify the following question to the Florida Supreme Court as one of great public importance so as to permit further review of this decision under Article V, Section 3(b)(4) of the Florida Constitution.
Does the holding in Stockman v. Downs, 573 So.2d 835 (Fla.1991) require that entitlement to statutory attorney’s fees pursuant to Section 57.105, Florida Statutes (1991) be specifically pled?
We do so in the hope that a court will make an exception to the Stockman rule for Section 57.105 attorney’s fees.
Affirmed. Question certified.