605 So.2d 871 (1992)
Fred GANZ, etc., Petitioner,
v.
HZJ, INC., etc., Respondent.
No. 79601.
Supreme Court of Florida.
October 8, 1992.
*872 Robert A. Ginsburg, Dade County Atty., and Scott D. Fabricius, Asst. County Atty., Miami, for petitioner.
No appearance for respondent.
PER CURIAM.
We review Ganz v. HZJ, Inc., 595 So.2d 1081, 1083 (Fla. 3d DCA 1992), in which the district court certified the following question:
Does the holding in Stockman v. Downs, 573 So.2d 835 (Fla. 1991) require that entitlement to statutory attorney's fees pursuant to Section 57.105, Florida Statutes (1991) be specifically pled?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Fred Ganz is the Dade County tax collector. HZJ, Inc. sued him in his official capacity to prevent him from selling tax certificates for delinquent taxes on HZJ's real estate. The trial court found HZJ's suit "baseless," 595 So.2d at 1082, but denied Ganz's postjudgment motion for attorney's fees because of his failure to plead entitlement to the fees in his answer, as required by this Court's opinion in Downs. The district court suggested that because the fee request is made pursuant to section 57.105(1), Florida Statutes (1991),[1] an exception to the Downs pleading requirement may be appropriate. Ganz argues that all parties are on continual notice that attorney's fees may be awarded under section 57.105; thus, there is no possibility for surprise, the principal concern in Downs.
It is extremely difficult, if not impossible, for a party to plead in good faith its entitlement to attorney's fees under section 57.105 before the case is ended. We agree with the Third District's observation in Autorico, Inc. v. Government Employees Insurance Co., 398 So.2d 485, 487-88 (Fla. 3d DCA 1981):
There is certainly no way for a litigant to know in advance whether the adverse party will raise nothing but frivolous issues in a civil case and, therefore, to plead in good faith its entitlement to attorney's fees under Section 57.105, Florida Statutes (1979). Indeed, we think it is best to presume good motives on the part of one's adversary even on what appears to be an open and shut case. It is only after the case has been terminated that a sensible judgment can be made by a party as to whether the adverse party raised nothing but frivolous issues in the cause, and, if so, to file an appropriate motion, as here, seeking *873 an entitlement to said attorney's fees under Section 57.105, Florida Statutes (1979).[[2]]
Accordingly we answer the certified question in the negative, quash the decision below, and remand for proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., dissents.
NOTES
[1] Section 57.105(1), Florida Statutes (1991), provides:

The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party's attorney is not personally responsible if he has acted in good faith, based on the representations of his client. If the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the defense, the court shall also award prejudgment interest.
[2] Section 57.105(1), Florida Statutes, has remained substantially unchanged from its enactment in 1978. Compare ch. 78-275, § 1, Laws of Fla. with § 57.105(1), Fla. Stat. (1991).