625 So.2d 1317 (1993)
Caroline SYKES, Martha Sykes and Philip Sykes, and the Law Firm of Mattlin & McClosky, Appellants,
v.
ST. ANDREWS SCHOOL, Brian Doucette and Lorraine Doucette, Thomas Sugalski and Susan Weiss, Appellees.
No. 92-2552.
District Court of Appeal of Florida, Fourth District.
November 3, 1993.
*1318 George L. Sigalos of Mattlin & McClosky, Boca Raton, for appellants.
Charles H. Damsel, Jr. of Damsel & Gelston, P.A., West Palm Beach, for appellee-Susan Weiss.

OPINION ON REHEARING
PER CURIAM.
We deny rehearing but substitute the following opinion for our opinion filed August 11, 1993.
Appellants seek review of an order awarding attorney's fees pursuant to section 57.105, Florida Statutes (1991), which provides that the court shall award the prevailing party attorney's fees, to be paid equally by the losing party and that party's counsel, if the court finds a "complete absence of a justiciable issue of either law or fact." We entirely agree with the trial court's conclusion that attorney's fees should have been assessed under the statute.
Three years after a tort was allegedly committed by a minor, plaintiffs filed suit against the minor and other defendants. The plaintiffs subsequently amended their complaint to add the mother of the defendant minor, based upon her negligent failure to exercise parental control over her child. In order to prevail on that theory plaintiffs would have had to prove that the child had a propensity to engage in this particular conduct which the parent knew or should have known could cause injury to another. Snow v. Nelson, 475 So.2d 225 (Fla. 1985), approving Gissen v. Goodwill, 80 So.2d 701 (Fla. 1955).
After the parent obtained a summary judgment, because there was no evidence supporting the theory of recovery against her, she moved for attorney's fees under section 57.105. In those proceedings it became apparent that she had been added as a party to the suit notwithstanding plaintiff's counsel having no knowledge of any facts which could make her responsible for her son's actions. To us, filing a lawsuit with no factual basis is a classic situation in which fees should be assessed under the statute.
Appellee has moved for section 57.105 fees for this appeal, and we grant her motion. Although this appeal had one meritorious issue at the time it was taken  whether 57.105 fees must be requested in the pleadings  our supreme court resolved that issue adversely to appellants in Ganz v. HZJ, Inc., 605 So.2d 871 (Fla. 1992). At that point appellants were left with no justiciable issues on appeal. Ganz was decided by the supreme court on October 8, 1992, and became final on October 23, 1992, because there was no motion for rehearing. Thus when appellants filed their initial brief on this appeal, which was not due until after Ganz became final, appellants knew or should have known *1319 there were no justiciable issues to raise on this appeal. We therefore grant appellees' motion for section 57.105 attorney's fees for this appeal, but limit it to all work performed by counsel for appellee after Ganz became final.
We remind trial judges and the bar that our legislature said in section 57.105 that courts "shall" assess attorney's fees for the bringing of frivolous litigation. Galbraith v. Inglese, 402 So.2d 574 (Fla. 4th DCA 1981). In the present case defense counsel vigorously attempted to dissuade plaintiff's counsel from bringing this frivolous action against his client, but his efforts were to no avail. When his prediction came to fruition he properly sought attorney's fees and vigorously defended them on this appeal. We commend this and encourage it so that the intent of the statute is effectuated.
Affirmed.
ANSTEAD and KLEIN, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.