NESBITT, Judge.
A prevailing plaintiff appeals from an order denying a motion for attorney’s fees, *194 made and presented to the trial court pursuant to section 57.105, Florida Statutes (1993), which essentially allows mutuality of attorney’s fees in contract cases. See County Waste, Inc. v. Public Storage Mgt., Inc., 582 So.2d 87 (Fla. 3d DCA 1991).
Perez purchased a grave site and monument for his mother’s burial from Memorial. The contract plainly provided for a specific location for a grave for plaintiffs mother. Her body, however, was in fact buried in a plot some twenty feet distant from that purchased. The plaintiff was required at his own expense to cause disinterment and rein-terment of his mother’s body. He then brought this action against Memorial sounding both in negligence and contract. At trial, the plaintiff prevailed on the negligence count by a directed verdict. The damages on that issue together with the issue remaining with respect to liability and damage as to the contract count were submitted to a jury and resulted in an undifferentiated verdict in the sum of $30,000.
In this case, the issues with respect to the alternative theories of recovery were essentially the same. Because the plaintiff prevailed and recovered damages on the substantive issue of breach of contract, he is, in essence, a “prevailing” party for purposes of applying section 57.105(2).
The order denying the attorney’s fees is reversed and remanded for further proceedings.