678 So.2d 869 (1996)
NATIONAL ENVIRONMENTAL PRODUCTS, LTD., INC., Appellant,
v.
Michael FALLS, Appellee.
No. 95-3767.
District Court of Appeal of Florida, Fourth District.
August 21, 1996.
*870 Kenneth G. Stevens, Fort Lauderdale, for appellant.
Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, for appellee.
PARIENTE, Judge.
Appellant, National Environmental Products, Ltd., Inc. (NEP), appeals an award of attorney's fees pursuant to section 57.105. See § 57.105, Fla. Stat. (1995). NEP claims that the motion was not filed within a reasonable time post-judgment; that it lacked prior notice that appellee Michael Falls (Falls) would be seeking section 57.105 fees; and that the trial court erred in finding an absence of a justiciable issue of law or fact. We reverse the award of attorney's fees because we find that the motion was not filed within a reasonable time post-judgment.
This is the latest in a series of appeals which arose out of a breach of lease action successfully brought by Falls against N.E.P. International. To obtain satisfaction of his judgment, Falls executed on separate property owned by N.E.P. International. NEP claimed a mortgage on this property with priority over Falls' claim. Falls claimed that the mortgage held by NEP constituted a fraudulent transfer between two sister corporations calculated to drain the equity out of the property in anticipation of the sale to satisfy Falls' judgment.
In the particular suit from which this appeal arises, the trial court's final judgment set aside the mortgage as a fraudulent transfer. The final judgment, which was entered November 5, 1993, reserved jurisdiction to assess costs but made no mention of attorney's fees. This court affirmed on appeal without opinion. National Envtl. Prods., Ltd., Inc. v. N.E.P. Int'l, Inc., 647 So.2d 122 (Fla. 4th DCA 1994). The mandate issued on December 30, 1994. Falls never made a motion for section 57.105 fees in connection with the appeal.
On June 19, 1995, six months after the issuance of our mandate and nineteen months after the entry of the court's final judgment, Falls filed a motion for attorney's fees and costs for the first time. The motion sets forth that it was being filed pursuant to section 57.041. That statutory provision deals with prevailing party costs, not fees. See § 57.041, Fla. Stat. (1995). There is no other statutory provision cited in the motion as authority for an award of attorney's fees, although Falls did allege in the motion that the "filing of this action was frivolous in that the action was an attempt to defraud" Falls. Following a hearing, the trial court entered an order in October 1995, finding that the filing and pursuit of the action against Falls was frivolous and awarding $10,719.89 as attorney's fees pursuant to section 57.105.
The fact that Falls did not plead entitlement to section 57.105 fees prior to final judgment is not fatal to his claim. In Ganz v. HZJ, Inc., 605 So.2d 871 (Fla.1992), our supreme court held that a party seeking attorney's fees pursuant to section 57.105 is exempt from the requirement of Stockman v. Downs, 573 So.2d 835 (Fla.1991), that entitlement to statutory attorney's fees must be specifically pled prior to the conclusion of the litigation. The reasoning of our supreme court was that "[i]t is extremely difficult, if not impossible, for a party to plead in good faith its entitlement to attorney's fees under section 57.105 before the case is ended." Ganz, 605 So.2d at 872. Our supreme court cited with approval the third district's observation in Autorico, Inc. v. Government Employees Insurance Co., 398 So.2d 485, 487-88 (Fla. 3d DCA 1981):
It is only after the case has been terminated that a sensible judgment can be made by a party as to whether the adverse party raised nothing but frivolous issues in the cause, and if so, to file an appropriate motion, as here, seeking an entitlement to said attorney's fees under [s]ection 57.105.
Ganz, 605 So.2d at 872. Thus, the supreme court reasoned that it was appropriate for a litigant to wait until the conclusion of litigation before filing a motion under section *871 57.105 to ensure that a claim to such fees was not precipitously filed.
While Ganz allows a party to wait until the conclusion of litigation to ensure good-faith filing of a section 57.105 motion, it does not address how long after the case is ended a motion can be filed. In Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla.1986), our supreme court adopted the reasoning of the United States Supreme Court in White v. New Hampshire Department of Employment, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), and held that "a post-judgment motion for attorney's fees raises a `collateral and independent claim' which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality." Finkelstein, 484 So.2d at 1243 (emphasis supplied).
The question becomes whether there is a time after the conclusion of all litigation which no longer constitutes a reasonable time for first filing a motion for section 57.105 attorney's fees. Although neither Finkelstein nor White discussed what constitutes a reasonable time post-judgment, there is nothing in our supreme court's pronouncement in Ganz to suggest that it is reasonable for a party to wait nineteen months after judgment has been entered and six months after an appellate mandate has issued affirming the judgment to first file a motion.
In McAskill Publications, Inc. v. Keno Brothers Jewelers, Inc., 647 So.2d 1012, 1013 (Fla. 4th DCA 1994), we held that
a trial court generally should not grant a postjudgment motion for attorney's fees filed almost three months after the judgment on the merits because of "unreasonable tardiness." White did not rule on the length of time which was permissible, leaving that decision to local rules approved by the district courts. Nevertheless, it cited one decision which recommended a uniform rule with a maximum of twenty-one days.
(Footnotes omitted).
We find that the time periods involved here far exceed a reasonable time and that the delayed filing constitutes unfair surprise to NEP. Falls cites no extenuating circumstances for his failure to have filed his motion previously. Nineteen months post-judgment and six months postmandate is presumptively unreasonable, and it would be incumbent upon the movant to demonstrate special or extenuating circumstances. None have been raised.
There are practical reasons for a party to promptly move after the conclusion of litigation for an award of section 57.105 fees. A trial court is in a far better position to assess the issue of frivolousness shortly following the conclusion of the litigation rather than monthsor in this case over a year and a halflater. The appellate court also is in a better position to assess the merits of the section 57.105 assessment when the award of section 57.105 fees is considered in tandem with the merits of the underlying appeal.
Further, there are policy reasons inherent in the very purpose for which section 57.105 was enacted. Waiting until the lawsuit has finally been concluded before first raising an issue of frivolousness only serves to prolong litigation further. The timely disposition of a motion for section 57.105 attorney's fees, either for or against the losing party, may affect settlement of the underlying lawsuit and the decision to pursue an appeal. NEP asserts in this case that a timely adverse assessment of fees would have been a consideration in its decision to continue with its appeal.
Lastly, where litigation has long since been concluded and where the prevailing party has not raised the issue of section 57.105 attorney's fees, the losing party should be able to safely assume that such fees are not being sought. When our supreme court in Ganz eliminated the requirement that section 57.105 attorney's fees be pled prejudgment, our supreme court apparently accepted the argument of Ganz that because "all parties are on continual notice that attorney's fees may be awarded under section 57.105 ... there is no possibility for surprise, the principal concern in Downs." Ganz, 605 So.2d at 872.
Where, as here, there is an unreasonable delay, it can no longer be said that all parties continue to be on perpetual notice that attorney's fees may be awarded; thus, there is *872 most definitely the possibility for unfair surprise as asserted by NEP. The fact that the trial court reserved jurisdiction for costs, but did not mention a possible assessment of section 57.105 attorney's feeswhile not fatal to the court's jurisdictionsupports NEP's claims of unfair surprise and lack of proper notice. The fact that the motion eventually filed by Falls failed to state the statutory provision upon which the request for fees was based, citing only to the statutory provision for assessment of costs, further contributes to the elements of unfair surprise and inadequate notice.
In McAskill, we suggested that three months after the judgment constituted unreasonable tardiness. Here, nineteen months after the judgment and six months after the appellate mandate is clearly unreasonable. We would suggest that our supreme court consider enactment of a uniform rule of procedure to answer definitively what constitutes a reasonable time post-judgment in which a prevailing party must file a motion for section 57.105 attorney's fees. There are time limits for almost every other type of post-judgment motion.[1] We see no reason why there should be an open-ended time frame for postjudgment motions seeking section 57.105 attorney's fees.
In this case, we also seriously question how the fact-based issue of fraudulent transfer qualifies as a complete absence of a justiciable issue of both law and factthe predicate finding for section 57.105 attorney's fees. See Remova Pool Fence Co. v. Roth, 647 So.2d 1022 (Fla. 4th DCA 1994). However, we do not reach that issue because of our disposition on the other basis.
Accordingly, the award of attorney's fees is reversed.
DELL, J., and MAY, MELANIE, Associate Judge, concur.
NOTES
[1] Florida Rule of Civil Procedure 1.540(a) allows clerical mistakes to be corrected at any time, and motions made pursuant to rule 1.540(b)(4) and (5) require filing within a reasonable time. However, the power of the court to set aside a judgment or decree for fraud upon the court pursuant to rule 1.540(b) is not so limited. There are strong policy reasons for allowing open-ended time frames in those limited circumstances.