**In re FULL GOSPEL ASSEMBLY
OF DELRAY BEACH, Debtor.**

No. 05–23067–BKC–JKO.

United States Bankruptcy Court,
S.D. Florida,
Fort Lauderdale Division.

May 8, 2007.

*ORDER GRANTING DEBTOR'S MO-TION FOR RECONSIDERATION OF ORDER DENYING DEBTOR'S MOTION FOR ATTORNEYS FEES COSTS AND SANCTIONS AND DE-NYING REQUEST FOR ATTOR-NEYS FEES AND COSTS*

JOHN KARL OLSON, Bankruptcy Judge.

**THIS MATTER** came before the Court on the Full Gospel Assembly of Delray Beach's (the "Debtor") Motion to Rehear or Reconsider Order Denying Debtor's Motion for Attorneys Fees and Cost and

for Sanctions [CP 213]. The Motion requests the Court to reconsider or rehear the Court's Order Denying Debtor's Motions For Attorneys' Fees and Costs and for Sanctions (the "Order") [CP 208], which had been sought against claimant Glen Slayman. Slayman has filed no response.

## Background

The Debtor commenced this case by filing a petition under chapter 11 of the United States Bankruptcy Code on May 18, 2005 [CP 1]. The bulk of the litigation in this case has surrounded the claims of one creditor—Glen Slayman. Slayman asserted a number of claims against the debtor and the debtor objected to each of these claims. One of the claims arose out of an alleged mortgage between the principal of the Debtor and Slayman. The Debtor claimed throughout the course of the case that the mortgage in question failed for want of consideration. The parties were set to go trial on Slayman's claims number 1, 2, and 11 and the Debtor's objections to those claims on September 25, 2006 [CP 187]. On the eve of trial, Slayman capitulated entirely, agreeing to the disallowance of all of his claims, and the Court signed an Agreed Order Sustaining Objections to Claims No. 1, 2, & 11 of Glen Slayman [CP 192] on September 25, 2006.

On October 10, 2005, the Debtor filed a Motion for Attorneys Fees and Costs and for Sanctions against Slayman [CP 195]. Slayman filed a Response to Debtor's Motion for Attorneys Fees and Costs and Sanctions on October 19, 2006 [CP 199], and the Debtor filed a Reply on October 23, 2006 [CP 200]. The Debtor asserts that it was entitled to attorneys fees and costs and sanctions pursuant to Fla. Stat. § 57.105(7).[1] Despite consistently arguing throughout the proceedings that the mortgage between the Debtor and Slayman was invalid for lack of consideration, the Debtor seized on the attorneys fees provision of the mortgage as the basis for claiming entitlement to attorneys fees and costs under section 57.105(7).

This Court has made no determination as to the validity of the mortgage. Rather, this Court observed that the mortgage appeared valid on its face, and it had already been successfully prosecuted in a foreclosure action brought in state court before the issues relating to the mortgage were brought here. Slayman raised an estoppel argument in his response to the Debtor's Motion for Attorney's Fees and Costs and Sanctions, but this Court found that his argument could not meet the test established by the Eleventh Circuit for judicial estoppel. This Court denied the Debtor's request for attorneys fees in the Order because it believed that the express language of section 57.105(7) provided that the court "may" allow reasonable attorney fees in the circumstances provided for by the statute, and this Court exercised its discretion not to award attorneys fees and costs due to the total absence of fact findings in the case and the discomfiting position taken by the Debtor relating to the mortgage.

## Reconsideration

■ The Motion does not set forth which provision under the Federal Rules of Civil Procedure it is filed. The Court will consider the Motion under the standard set forth in F.R.C.P. 59(e)—a motion

---

1. Fla. Stat. § 57.105(7) states "if a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988."

"to alter or amend", made applicable under Bankruptcy Rule 9023, and under the F.R.C.P. 60(b)—"relief from judgment", made applicable under Bankruptcy Rule 9024; which rule applies depends on the timing of the service of the motion. *See Lavespere v. Niagara Mach. & Tool Works,* 910 F.2d 167 (5th Cir.1990), abrogated on other grounds by *Little v. Liquid Air Corp.,* 37 F.3d 1069 (5th Cir.1994) (en banc). Courts construe motions for reconsideration as motions to alter or amend judgment pursuant to Rule 59(e) if the motions are filed within ten days of the trial court's entry of judgment, and construe such motions as seeking relief from judgment pursuant to Rule 60(b) if the motions are filed more than ten days after the trial court's entry of judgment. *See Hatfield v. Board of County Commissioners,* 52 F.3d 858 (10th Cir.1995); *Mendenhall v. Goldsmith,* 59 F.3d 685 (7th Cir. 1995); *Goodman v. Lee,* 988 F.2d 619 (5th Cir.1993). Accordingly, as the Motion was filed within ten days of the Court's entry of the Order[2], the Motion will be construed as a motion to alter or amend judgment pursuant to Rule 59(e).

Reconsideration of an order under Rule 59(e) "is an extraordinary remedy to be employed sparingly." *See Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D.Fla.1994); *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority,* 814 F.Supp. 1072, 1073 (M.D.Fla.1993). "The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *See Mincey v. Head,* 206 F.3d 1106, 1137 fn. 69 (11th Cir.2000) *(quoting In re Halko,* 203 B.R. 668, 671–672 (Bankr.N.D.Ill.1996)). Although Rule 59(e) does not delineate the available grounds for relief under that section, courts have generally granted relief to (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice. *Sussman,* 153 F.R.D. 689, 694; *Morris v. United States of America,* 1998 U.S. Dist. LEXIS 14046 (M.D.Fla.1998); *Firestone v. Firestone,* 76 F.3d 1205 (D.C.Cir.1996).

A trial court's determination as to whether grounds exist for the granting of a Rule 59(e) motion is held to an "abuse of discretion" standard. *See American Home Assurance Co. v. Glenn Estess & Associates,* 763 F.2d 1237, 1238–1239 (11th Cir.1985); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983); *Weems v. McCloud,* 619 F.2d 1081, 1098 (5th Cir.1980). "[A]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or ... [makes] findings of fact that are clearly erroneous." *See Mincey,* 206 F.3d at 1137 *(quoting Hatcher v. Miller (In re Red Carpet Corp.),* 902 F.2d 883, 890 (11th Cir.1990)).

The Debtor asserts that it was entitled to attorneys fees and costs and sanctions based on the theory that once a prevailing party has been determined, section 57.105(7) makes a contractual fee provision a reciprocal obligation—which the court is without discretion to decline to enforce. This Court believed that the expressed language of section 57.105(7) provided that the Court "may" allow reason-

---

**2.** The Order docketed on December 15, 2006 and the Motion was filed on December 26, 2006. The Motion fell within the ten period for F.R.C.P. 59(e) analysis due to the Court being closed for Christmas on December 25, 2006. *See,* Bankruptcy Rule 9006(a).

able attorney fees in the circumstances provided for by the statute, and this Court exercised its discretion not to award attorneys fees and costs. In the Motion, the Debtor introduces a line of cases that hold the court must grant attorneys fees under a reciprocal contractual fee obligation once the prevailing party has been determined. *Landry v. Countrywide Home Loans,* 731 So.2d 137, 140 (Fla. 1st DCA 1999); *Walls v. Quick & Reilly,* 824 So.2d 1016 (Fla. 5th DCA 2002); *County Waste, Inc. v. Public Storage Mgmt., Inc.,* 582 So.2d 87 (Fla. 3rd DCA 1991); *Hutchinson v. Hutchinson,* 687 So.2d 912 (Fla. 4th DCA 1997). Additionally, the Debtor cites a series of cases where the court is required to award attorneys fees under a contract even where the contract is rescinded or held unenforceable, *Katz v. Van Der Noord,* 546 So.2d 1047 (Fla.1989); *Fabing v. Koch,* 941 So.2d 415 (Fla 2nd DCA 2006), or where a contract was fraudulently induced. *Leitman v. Boone,* 439 So.2d 318 n. 3 (Fla. 3rd DCA 1983). The Debtor has carried its burden and established that this Court incorrectly applied the law in its Order. Consequently, the Motion is granted. However, the result remains unchanged.

## Specific allegations of attorneys fees

 This Court previously interpreted section 57.105(7) incorrectly, but the Debtor has never fulfilled a critical requirement of moving for attorneys fees

and costs—specifically alleging entitlement to attorneys fees and costs in the pleadings. Florida case law[3] holds where attorneys fees are sought, the party seeking such an award must specifically allege and request the award of attorneys fees in the pleadings.[4] *Res Panel Refrig. Corp. v. Bill Collins Refrig. Svcs. Inc.,* 636 So.2d 569 (Fla. 3d DCA 1994). The failure to set forth a claim for attorney fees, whether based on statute or contract, in a pleading seeking affirmative relief constitutes a waiver of the claim. *Stockman v. Downs,* 573 So.2d 835, 837–38 (Fla.1991). The Debtor sought affirmative relief against Slayman when it object to his claims. Under the Bankruptcy Code, a claim is allowed unless "a party in interest objects." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000). Slayman's claims would have been deemed allowed if the Debtor did not object to them. Therefore, the Debtor sought affirmative relief in its objections to Slayman's claims. If the Debtor intended to seek attorneys fees ands costs against Slayman, it was required to do so at that stage of the proceedings. The Debtor never specifically alleged or requested attorneys fees until after a settlement was reached on its claim objections.

 There is a fundamental concern of fair notice to the party against whom attorneys fees and costs may be sought.

---

3. The Debtor correctly cited *Cadle Co. v. Martinez,* 416 F.3d 1286, 1288 (11 Cir.2005) as directing this Court to consider Florida law when interpreting Florida contracts.

4. There is a line of cases that hold that a party can move for attorneys fees under Fla. Stat. § 57.105(1) after the filing of a responsive pleading or after the case has ended. *See Ganz v. HZJ, Inc.,* 605 So.2d 871 (Fla.1992). The *Ganz* court held that there is no way for a litigant to know in advance whether the adverse party will raise nothing but frivolous

issues in a civil case and therefore in good faith plead its entitlement to attorneys fees under section 57.105(1) in advance. *Id.* The Court considered whether attorneys fees and costs would be proper under section 57.105(1) in the Order and denied them under this subsection of section 57.105. Additionally, the Debtor points out in footnote one of the Motion that the cases cited by this Court addressing section 57.105(1) are not relevant because the Debtor is moving under section 57.105(7) not section 57.105(1).

Modern pleading requirements serve to notify the opposing party of the claims alleged and prevent unfair surprise. 40 Fla.Jur.2d *Pleadings* § 2 (1982). Raising entitlement to attorneys fees only after judgment fails to serve either of these objectives. *Stockman,* 573 So.2d at 837. The existence or nonexistence of a motion for attorneys fees may play an important role in decisions affecting a case. For example, the potential that one may be required to pay an opposing party's attorneys fees may often be determinative in a decision whether to pursue a claim, dismiss it, or settle. *Stockman* held "a party should not have to speculate throughout the entire course of an action about what claims ultimately may be alleged against him. Accordingly, we hold that a claim for attorney's fees, whether based on statute or contract, must be pled." *Id.*

Slayman had no notice that the Debtor would seek attorneys fees and costs before the agreement was reached sustaining the Debtor's objection to Slayman's claims. The Court will not speculate as to the reasons why Slayman agreed to an Order sustaining the objections to his claims on the eve of trial, but what is not the subject of speculation is that Slayman had no notice that the Debtor would seek attorneys fees and costs after this resolution on the very contract that it had been claiming throughout the case was invalid. To put it bluntly, Slayman was sandbagged. This Court agrees with the *Stockman* court that notice, or lack thereof, of a pre-judgment claim for attorneys fees and costs is necessary in order for a party to effectively determine its strategy for pursuing or defending a claim. It would be patently unfair for this Court to allow the Debtor to pursue attorneys fees and costs against Slayman when the first time Slayman was put on notice of such a request was over two weeks after the entry the Order Sustaining the Debtor's Objections to Slayman's Claims.

*Stockman* recognized a limited exception to the rule that requests for attorneys fees and cost must be specifically plead, holding that "where a party has notice that an opponent's claims entitlement to attorneys fees, and by its conduct recognizes or acquiesces to the claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." *Id.* at 837[5] There is nothing in the record that to indicate that Slayman had any notice that the Debtor would seek attorneys fees and costs, much less acquiesced to such a claim through his actions. Therefore, this limited exception is not applicable.

Accordingly it is ORDERED and ADJUDGED that:

1. The Debtor's Motion is GRANTED.

2. Debtor's request for attorney's fees and cost and sanctions are DENIED for the reasons stated above.

---

**5.** *Stockman* provides the following illustrations of the exception to specifically pleading requests for attorney's fees: *Brown v. Gardens by the Sea S. Condo. Ass'n,* 424 So.2d 181 (Fla. 4th DCA 1983)—defendant's failure to raise entitlement to attorney's fees until after judgment not fatal to claim where issue of attorneys fees was raised at pretrial conference and plaintiff's pretrial statement listed defendant's entitlement to fees as an issue and *Mainlands of Tamarac by Gulf Unit No. Four Ass'n, Inc. v. Morris,* 388 So.2d 226 (Fla. 2d DCA 1980)—parties' stipulation during trial that the question of attorneys fees would be heard subsequent to final hearing would permit recovery of attorney's fees despite failure to plead entitlement to fees. Neither are analogous to this case.